Name: Iliana Fischer
Address: 5152 Sepulveda Blvd. 129
Sherman Oaks, CA 91403
Phone: (702) 860-9412
email
Fax: platinumprican03@aol.com

In Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Iliana Fischer

11/2/22

Plaintiff

v.

Angela White (aka "Blac Chyna")

Defendant(s).

CASE NUMBER:

CV22-8019-JFW (PVCx)

To be supplied by the Clerk of
The United States District Court

Complaint

CV-126 (09/09)    PLEADING PAGE FOR A COMPLAINT

## IV. STATEMENT OF FACTS

1. On 10/11/18, plaintiff posted a rap song named, "Hate Me Too", on soundcloud.com/iliana. That song is written and performed by the plaintiff; and, it features her friend, a rapper named "Jordan Lee". "Jordan" and the plaintiff promoted the song on both of their Instagram profiles.

2. During their friendship and recording sessions, "Jordan" would complain to the plaintiff that the defendant was repeatedly "stealing" and replicating her ("Jordan") hair, clothing, and makeup styles. Jordan and the defendant knew of each other; perhaps through a mutual friend/producer, "Mally Mall". "Jordan" and defendant followed each other on Instagram. The plaintiff also knew/met "Mally Mall", who gave her tracks of music, but has not met the defendant.

3. In winter 2020, plaintiff signed a Sony Distribution deal. The plaintiff's newest and second album, "Fuego", which included "Hate Me Too," were distributed via Sony in winter 2020-21 on all major online platforms.

4. On or around 6/21, "Jordan" somberly messaged plaintiff that defendant has launched a career as a rapper and posted a new song and musicvideo called "Doom", on her Instagram profile. They were also distributed on some major online platforms.

"Doom" clearly plagiarized the "hook" (aka: chorus) in the plaintiff's song, "Hate Me Too", including duplicating the syncope. The tempo was faster, though.

5. In plaintiff's song "Hate Me Too", the hook repeats 4 times:
"If I were you, I would hate me too,
if I were you, I would hate me too,
if I were you, I would hate me too,
if I were you, I would hate me too-oo."
(The last word, "too," was sung in two beats.)

6. In the defendant's song "Doom", the hook repeats 4 times:
"If I was you, I'd hate me too,
if I was you, I'd hate me too,
if I was you, I'd hate me too,
if I was you, I'd hate me too-oo"
(The last word, "too", was sung in two beats.)

7. Ironically, the plaintiff's song "Hate Me Too," is about a jealous copycat cyberstalker who behaves like the antagonist in the film "Single White Female."

8. After being informed about the defendant's blatant plagiarism, the plaintiff communicated with some lawyers. Plaintiff was advised to search the copyright registration website and see if the defendant had copyrighted "Doom." Plaintiff did not find it registered there. Plaintiff was then advised to register "Hate Me Too" at the copyright registration website. She registered the lyrics and song on 6/14/21.

9. On 7/21/21, the plaintiff emailed the defendant a Cease and Desist letter at blacchynabusiness@gmail.com. Plaintiff never received a reply other than an automated acknowledgement of having received the email.
On 10/22/21, the plaintiff sent emails to the defendant at blacchynabusiness@gmail.com AND blacchyna@blacchyna.com, to notify her that she was considering filing a lawsuit of copyright infringement; but, plaintiff is willing to settle it in a boxing match on "Celebrity Boxing".

3.

10. Instead of replying to the plaintiff's request, the defendant remained silent and arranged her own boxing match appearance with a different opponent on "Celebrity Boxing." The match aired on Pay Per View on 7/11/22. Plaintiff believes defendant received monetary compensation for the appearance.

11. The defendant has a public AND private history and reputation of poor character, lack of integrity, no compassion, borderline sociopathic behaviour, and, a tendency to parasite off of others. She has attempted to use others' name/title, intellectual property and/or artistic ideas for her own selfish gain of status, clout, publicity, and money.

Below are some examples:

12. On 10/1/21, @theshaderoom on Instagram, posted that another rapper named "Jhonni Blaze" (@jhonniblazeduh), publicly accused defendant of copying the background and creative visuals of her musicvideo.

On 4/3/17, gerbenlaw.com was involved in a lawsuit against defendant due to her illegal registration of her name as "Angela Renee KARDASHIAN" at the U.S. Patent and Trademark office BEFORE her marriage to Rob Kardashian.

13. On 11/15/17, thewrap.com posted news that the defendant was sued for posting a copyrighted photo on her Instagram profile. The photo was shot by FameFlynet and it was licensed for limited use. It bore a copyright watermark, which the defendant illegally removed and then illegally posted the photo on her social media.

14. On 12/31/18, sandrarose.com posted news that Backgrid USA sued the defendant for copyright infringement seeking $150,000 per photo posted 9/13/17 and 10/27/17 on her Instagram profile, because the photos were not licensed to her.

On 5/7/22, dailybeast.com publicized that the defendant had assaulted a woman in an L.A. bar. She slammed the victims iphone to the ground and kicked her in the stomach.

15. It is clear that the defendant lacks a conscience and integrity. It is therefore easy to conclude that she plagiarized "Hate Me Too," and intentionally, so.

16. In conclusion, not only has the plaintiff reached out to the defendant and cordially attempted to resolve this without the involvement of the judicial system; but, plaintiff has been ignored and received MORE thievery and humiliation when the defendant took plaintiff's "Celebrity Boxing" suggestion for her own monetary and publicity gain.

17. The plaintiff has managed to communicate with the defendant's attorneys via email and phone. They replied to the plaintiff via email in summer 2022, after plaintiff served a Summons to the defendant at her home, in an attempt to sue her at Van Nuys court. The judge there dismissed that case in order for it to be filed at the proper jurisdiction.

18. The judge, plaintiff, and defendant's attorney agreed that the new Summons could be served at the attorney's office instead of at defendant's home or place of employment. The defendant's lawyers appear to be cordial and very cooperative. They have been easily accessible and communicative.

19. The plaintiff believes that the copyright infringement is obvious and very easily provable. The plaintiff is a person of honesty, integrity, and compassion. For these reasons, the plaintiff believes the defendant's attorneys will be willing to settle this satisfactorily through court appointed mediation.