**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ILIANA FISCHER, | No. 24-494 |
| Plaintiff - Appellant, | D.C. No. 2:22-cv-08019-JFW-PVC |
| v. | MEMORANDUM* |
| ANGELA WHITE, also known as Blac Chyna, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted March 31, 2025
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Plaintiff-Appellant Iliana Fischer sued Defendant-Appellee Angela White, a/k/a Blac Chyna, for copyright infringement. White filed a motion for judgment on the pleadings, and Fischer failed to file a timely opposition. The district court granted White's motion pursuant to Central District of California Local Rule 7-12, which provides that "[t]he failure to file any required document, or the failure to

---

   *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

file it within the deadline, may be deemed consent to the granting . . . of the motion." The district court dismissed the case with prejudice, and Fischer timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

    1.    Fischer seeks to extend the holding in *Henry v. Gill Industries, Inc.* to dispositive motions under Federal Rule of Civil Procedure 12. 983 F.2d 943, 950 (9th Cir. 1993). In *Henry*, we held that "[a] local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with Rule 56, hence impermissible under Rule 83." *Id*. Fischer argues that applying Local Rule 7-12 to grant an unopposed motion for judgment on the pleadings is similarly inconsistent with Federal Rule of Civil Procedure 12 substantive standards, and thus falls afoul of Federal Rule of Civil Procedure 83(a)(1), which requires local rules to "be consistent with … federal statutes and rules."

Fischer's argument is inconsistent with our settled precedent. In *Ghazali v. Moran*, we distinguished the holding in *Henry* as only applying to "summary judgment motions, not motions to dismiss." 46 F.3d 52, 54 (9th Cir. 1995) (per curiam). We later reiterated that distinction in *Martinez v. Stanford*, stating that "[a]s for *Ghazali*, we explicitly limited our holding in that case to Rule 12 motions to dismiss." 323 F.3d 1178, 1183 (9th Cir. 2003).

2.     Alternatively, Fischer argues the district court abused its discretion in dismissing the case with prejudice. We review that dismissal for abuse of discretion. *See Ghazali*, 46 F.3d at 53. "Failure to follow a district court's local rules is a proper ground for dismissal." *Id*. (citation omitted). "Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Id*. (internal quotation marks and citation omitted). When, as here, a district court does not consider these factors explicitly, we conduct an independent review of the record to determine whether the district court abused its discretion. *See id*. at 53–54.

The first two factors, the public's interest in expeditious resolution of litigation and the court's need to manage its docket, weigh in favor of dismissal. However, the third factor weighs strongly against dismissal because White has not shown how Fischer's "actions impaired [White's] ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Further, "we have also related the risk of prejudice to the plaintiff's reason for defaulting," and Fischer offered a valid reason for her failure to file an opposition. *Id*. As to the fourth factor, "[t]he

3

public policy favoring disposition of cases on their merits counsels strongly against dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Finally, the fifth factor weighs strongly against dismissal because the district court did not consider any lesser sanctions before dismissing a pro se complaint with prejudice. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) ("The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions.") (cleaned up).

In balancing the *Ghazali* factors, the first two factors favor dismissal, but the last three factors weigh strongly against dismissal.[1]  Accordingly, we find the district court abused its discretion in dismissing Fischer's case with prejudice.[2]

**REVERSED AND REMANDED**.

---

[1] We note that at oral argument, White conceded that four of the five factors weighed against dismissal, and only the court's need to manage its docket weighed in favor of dismissal.

[2] We decline to address in the first instance White's arguments that the motion for judgment on the pleadings should have been granted on the merits. *See Ecological Rts. Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1154 (9th Cir. 2000) ("Usually, an appellate court does not consider legal issues in the first instance but instead has the benefit of the district judge's initial analysis.").