Robert S. Besser SBN 46541
LAW OFFICES OF ROBERT S. BESSER
100 Wilshire Blvd., Suite 700
Santa Monica, California, 90-401
Tel: (310) 394-6611
Fax: (310) 394-6612
rsbesser@aol.com

Christopher Chapin SBN 112608
LAW OFFICES OF CHRISTOPHER CHAPIN
110 Forest Lane
San Rafael, California 94903
Tel: (415) 578-2364
christopherchapin@aol.com

*Attorneys for Appellee/ Defendant*
ANGELA WHITE pka
BLAC CHYNA

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILIANA FISCHER,<br>*Plaintiff,*<br><br>v.<br><br>ANGELA WHITE pka BLAC CHYNA,<br>*Defendant.* | No. 22CV08019 JFW PVCx<br><br>**NOTICE AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: September 15, 2025<br>Time: 1:30 pm<br>Department: 7A<br>Judge: John F Walter<br>Reservation No*:<br>Date Action Filed: November 2, 2022<br>Trial Date: May 19, 2026 |

1

# TABLE OF CONTENTS

Page

COVER PAGE ................................................................................................... 1

TABLE OF CONTENTS .................................................................................. 2

TABLE OF AUTHORITIES ............................................................................. 3

TO THE COURT AND TO PLAINTIFF IN PRO PER: ................................. 5

MEMORANDUM OF POINTS AND AUTHORITIES .................................. 7

    I.    INTRODUCTION and SUMMARY OF ARGUMENT ....................... 7

    II.    ARGUMENT............................................................................................ 10

        A.    Plaintiff Has Not Stated a Claim for Copyright Infringement ..... 10

        B.    The Allegedly Infringed Material is Not Protectable. ................... 10

    III.    CONCLUSION ................................................................................... 14

# Table of Authorities

Page

**Cases:**

*Acuff-Rose Music, Inc. v. Jostens, Inc.*
    155 F.3d 140 (2d Cir. 1998) ................................................................ 11, 13

*Alberto-Culver Co. v. Andrea Dumon, Inc.*
    466 F.2d 705 (7th Cir. 1972) ...................................................................... 13

*Aliotti v. R. Dakin & Co.*
    831 F.2d 898 (9th Cir. 1987) ...................................................................... 11

*Apple Comput., Inc. v. Microsoft Corp.*
    35 F.3d 1435 (9th Cir. 1994) ...................................................................... 11

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544, 555 (2007) ............................................................................ 9

*Boone v. Jackson*
    206 F. App'x 30 (2d Cir. 2006) .................................................................. 13

*Cavalier v. Random House, Inc.*
    297 F.3d 815 (9th Cir. 2002) ................................................................ 10, 11

*Chapman v. Universal Motown Recs. Grp., 2010 U.S. Dist. LEXIS 11015*
    2010 WL 517480 (S.D.N.Y. Feb. 3, 2010) ................................................ 12

*Dworkin v. Hustler Mag., Inc.*
    867 F.2d 1188 (9th Cir. 1989) ...................................................................... 8

*Edwards v. Raymond*
    22 F. Supp. 3d 293 (S.D.N.Y. 2014) .......................................................... 12

*Enron Oil Trading & Transp. Co. v. Wallbrook Ins. Co., Ltd.*
    132 F.3d 526 (9th Cir. 1997) ........................................................................ 9

*Famous Birthdays, LLC v. Socialedge, Inc.*
    2022 U.S. Dist. LEXIS 92245 (C.D. Cal. 2022) ........................................ 10

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*
    499 U.S. 340 (1991) .................................................................................... 11

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*
    896 F.2d 1542 (9th Cir. 1989) ...................................................................... 9

*Hathaway v. Caputo*
  2021 U.S. Dist. LEXIS 89132 (D. Ariz. 2021) ........................................ 11

*Narell v. Freeman*
  872 F.2d 907 (9th Cir. 1989) ................................................................. 13

*Prunte v. Universal Music Grp., Inc.*
  699 F. Supp. 2d 15 (D.D.C. 2010) ......................................................... 12

*Qwest Commc'ns Corp. v. City of Berkeley*
  208 F.R.D. 288 (N.D. Cal. 2002) ............................................................. 8

*Salinger v. Random House, Inc.*
  811 F.2d 90 (2d Cir. 1987) .................................................................... 12

*Shaw v. Lindheim*
  919 F.2d 1353 (9th Cir. 1990) .............................................................. 10

*Smart Inventions, Inc. v. Allied Commc'ns Corp.*
  94 F. Supp. 2d 1060 (C.D. Cal. 2000) ................................................... 10

*Stratchborneo v. ARC Music Corp.*
  357 F. Supp. 1393 (S.D.N.Y. 1973) ....................................................... 11

*Syrus v. Bennett*
  455 F. App'x 806 (10th Cir. 2011) ......................................................... 13

*Takeall v. Pepsico, Inc.*
  14 F.3d 596 (4th Cir. 1993) .................................................................. 12

**Statutes:**

17 U.S.C. § 201 ........................................................................................ 8

**Court Rules:**

Fed. R. Civ. P. 12 ........................................................................... 5, 7, 8, 9

**Other:**

C.D. Cal. L.R. 7-3
  ........................................................................................................... 6, 7

Section 202.1 of the Code of Federal Regulations ..................................... 12

**TO THE COURT AND TO PLAINTIFF IN PRO PER:**

PLEASE TAKE NOTICE that on September 15, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable John F. Walter of the above entitled Court, located at 350 West First Street, Los Angeles, California, Courtroom 7A, Defendant ANGELA WHITE will and hereby does move the Court for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c).

The motion is made on the ground that Plaintiff has failed to plead substantial similarity of protected expression which is an essential element of a copyright claim.[1]

The motion is based on this Notice, the attached Memorandum of Points and Authorities, the Request For Judicial Notice and supporting Declaration of Robert S. Besser filed and served concurrently with this Motion, the complete court files and records in this matter and on such other evidence or argument as may be presented at or before the hearing.

---

[1] Defendant brought this motion twice before - prior to the 9th Circuit remanding the case to this Court. On both occasions, Plaintiff failed to file any responsive document. [See DE #42 and 53]

1   This Motion is made following the conference of counsel, held pursuant
2   to C.D. Cal. L.R. 7-3, that took place via telephone conference on August 6,
3   2025. A Joint Report on the Local Rule 7–3 conference, pursuant to the
4   Court's Standing Order, was filed on August 8, 2025.

LAW OFFICES OF ROBERT S. BESSER

Respectfully submitted,

Dated: August 15, 2025   By: /s/ Robert S. Besser

ROBERT S. BESSER

*Attorneys for Defendant*
ANGELA WHITE

**Memorandum of Points and Authorities**

## I. INTRODUCTION and SUMMARY OF ARGUMENT

Pursuant to Federal Rules of Civil Procedure 12(c), Defendant ANGELA WHITE moves the Court for entry of judgment on the pleadings against Plaintiff ILIANA FISCHER.

As a result of the Rule 7–3 conference held on August 6, 2025, the issue to be resolved by this motion is whether by taking a common phrase that is not subject to copyright protection and using it as what the Plaintiff claims is the "hook" of her song, the phrase became subject to copyright protection. As Plaintiff stated in the Joint Statement following the Rule 7–3 conference (Document 72, filed August 8, 2025):

> "Plaintiff informed Defendant that Plaintiff is aware of the use of the same lyrics –which she claims is protected by copyright – in other musical compositions, but that it does not matter because she uses the lyrics as the hook of her song which therefore means they are protected." Doc. 72, p. 3. ll 1–4.

The lyrics at issue are the phrase "If I were you, I would hate me too" repeated 4 times in Plaintiff's song (titled "Hate Me Too"). Plaintiff alleges that Defendant's song "Doom" infringes Plaintiff's copyright in the lyrics to

7

1  entitled "Hate Me Too" because "Doom" contains the slightly different lyrics
2  "If I was you, I'd hate me too" also repeated 4 times. See Complaint ¶¶ 5–6.
3  Plaintiff makes no other claim of infringement.

4      If there were any doubt about the commonality of Plaintiff's lyrics, the
5  doubt is resolved by the results of the Google search described in the
6  Request For Judicial Notice and accompanying Declaration of Robert S.
7  Besser. That search revealed four musical compositions other than the two
8  involved in this action with the same lyrics that Plaintiff now seeks to claim
9  as original to her. The oldest of these, titled "If I Were You, I'd Hate Me
10 Too," was written and performed by the band Dirty Penny in 2009, nine
11 years before Plaintiff claims to have first posted her song on SoundCloud.
12 The Dirty Penny song not only uses the lyrics as the title but repeats the
13 phrase "If I were You I'd Hate Me Too" seven times. Since under section
14 201 of the Copyright Act, 17 U.S. 201, copyright in a protected work vests
15 initially in the author or authors of the work, if anyone were to have a
16 legitimate claim to the copyright of the lyrics "If I were you, I'd hate me too"
17 it would be the members of the band Dirty Penny.

18     Defendant moves under Federal Rules of Civil Procedure 12(c) because
19 Defendant has filed an answer to Plaintiff's Complaint. [DE #17 ]. Rule
20 12(c) is substantially identical to rule 12(b), as both permit challenges to
21 the legal sufficiency of the opposing party's pleading. *Qwest Commc'ns*
22 *Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002); *Dworkin v.*
23 *Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal

1 difference between motions filed pursuant to Federal Rules of Civil
2 Procedure 12(b) and Rule 12(c) is the time of filing [and] the motions are
3 functionally identical[.]").

4 Judgment on the pleadings is appropriate when, even if all material
5 facts in the pleading under attack are true, the moving party is entitled to
6 judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner &*
7 *Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989); *Enron Oil Trading & Transp.*
8 *Co. v. Wallbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997) ("A district
9 court will render a 'judgment on the pleadings' when the moving party
10 clearly establishes on the face of the pleadings that no material issue of fact
11 remains to be resolved and that it is entitled to judgment as a matter of
12 law").

13 Instead of alleging facts which show substantial similarity beyond the
14 use of the common phrase, the Complaint alleges only that "[t]he plaintiff
15 believes that the copyright infringement is obvious and very easily
16 provable." Complaint, ¶19. There are no allegations which could "raise a
17 right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550
18 U.S. 544, 555, at 555 (2007).

19 Other than this, the Complaint is mostly a listing of alleged instances of
20 Defendant's alleged misappropriation of other's ideas. See Complaint,
21 ¶¶ 11–15. Following the list is a recitation of Plaintiff's interactions with
22 Defendant's counsel. See Complaint, ¶¶ 16 - 19. These allegations have
23 nothing to do with a copyright infringement action.

9

## II. ARGUMENT

### A. Plaintiff Has Not Stated a Claim for Copyright Infringement

The elements of copyright infringement are: (1) ownership of a valid copyright and (2) unauthorized copying by the defendant of protected elements of the work. *Famous Birthdays, LLC v. Socialedge, Inc.*, 2022 U.S. Dist. LEXIS 92245, at *7–8 (CD Cal 2022).

"Copying may be established by showing that the infringer had access to plaintiff's copyrighted work and that the works at issue are substantially similar in their protected elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (citing *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990))

### B. The Allegedly Infringed Material is Not Protectable.

As noted, Plaintiff alleges that Defendant's song entitled "Doom" infringes Plaintiff's song because "Hate Me Too" contains the lyrics "If I were you, I would hate me too" repeated 4 times and Defendant's song "Doom" contains the lyrics "If I was you, I'd hate me too" also repeated 4 times. See Complaint ¶¶ 5–6. Plaintiff makes no further claim to substantial similarity.

Only protected expression is relevant for purposes of assessing substantial similarity. See *Smart Inventions, Inc. v. Allied Commc'ns Corp.*,

1  94 F. Supp. 2d 1060, 1066 (C.D. Cal. 2000) ("It is an axiom of copyright law
2  that ideas are not protected."). "[T]he party claiming infringement may
3  place 'no reliance upon any similarity in expression resulting from'
4  unprotectable elements." *Apple Comput., Inc. v. Microsoft Corp.*, 35 F.3d
5  1435, 1446 (9th Cir. 1994) (quoting *Aliotti v. R. Dakin & Co.*, 831 F.2d 898,
6  901 (9th Cir. 1987)).
7      The copied elements of the work must be original and nontrivial to
8  constitute improper appropriation. See *Feist Publ'ns, Inc. v. Rural Tel.*
9  *Serv. Co.*, 499 U.S. 340, 345 (1991) ("The sine qua non of copyright is
10 originality.") Common phrases are generally not protected by copyright.
11 *Stratchborneo v. ARC Music Corp.*, 357 F. Supp. 1393, 1405 (S.D.N.Y.
12 1973); see also *Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 144 (2d
13 Cir. 1998) ("The prior usage of the saying was sufficiently widespread as to
14 make it exceedingly unlikely . . . that [the song's author] had . . .
15 independently created the phrase.").
16     Material in the public domain, historical facts, *common phrases*,
17 elements treated as fact in original, scenes a faire ("situations and incidents
18 that flow necessarily or naturally from a basic plot premise"), and "stock
19 scenes and themes that are staples of literature" are unprotected. *Cavalier*
20 *v. Random House, Inc.*, 297 F.3d at 823; *Hathaway v. Caputo*, 2021 U.S.
21 Dist. LEXIS 89132, at *14–15 (D. Ariz. 2021). "[A] cliche or an 'ordinary'
22 word-combination by itself will frequently fail to demonstrate even the
23

11

1 minimum level of creativity necessary for copyright protection." *Salinger v.
2 Random House, Inc.*, 811 F.2d 90, 98 (2d Cir. 1987) (superseded by statute
3 on other grounds).

4 For example, in *Prunte v. Universal Music Grp., Inc.*, 699 F. Supp. 2d 15,
5 25–30 (D.D.C. 2010), the Court found that the phrases "fire in the hole," "so
6 high," "get it poppin'", "wish a muthafugga would," "just running their
7 mouths," "shoot to kill," "I'm a maniac," and "that's what's up," which were
8 contained in the plaintiff's musical compositions, were simple, short,
9 common phrases not subject to copyright protection.

10 Likewise, in *Takeall v. Pepsico, Inc.*, 14 F.3d 596 (4th Cir. 1993), the
11 Fourth Circuit found that the phrase "You Got the Right One, Uh-Huh"
12 "fail[ed] to evince the requisite degree of originality to entitle it to copyright
13 protection and is a short expression of the sort that courts have uniformly
14 held uncopyrightable." See, also *Chapman v. Universal Motown Recs. Grp.,*
15 *2010 U.S. Dist. LEXIS 11015*, 2010 WL 517480, at *4 (S.D.N.Y. Feb. 3,
16 2010) (phrase "lean back" in musical composition was not subject to
17 copyright).

18 Other courts considering similar phrases and guided by Section 202.1 of
19 the Code of Federal Regulations, have reached the same conclusion -- short,
20 ordinary words, phrases, or slogans, are not entitled to copyright protection.
21 See, *e.g.*, *Edwards v. Raymond*, 22 F. Supp. 3d 293, 298–99 (S.D.N.Y. 2014)
22 (the phrase "caught up" which was the title of plaintiffs' song "is not eligible
23 copyright protection" because it was a common phrase and because it was

not original to the plaintiffs but rather "used in everyday speech in a variety of contexts"); *Boone v. Jackson*, 206 F. App'x 30, 33 (2d Cir. 2006) (phrase "holla back" in musical composition was a common phrase not subject to copyright protection); *Alberto-Culver Co. v. Andrea Dumon, Inc.*, 466 F.2d 705, 711 (7th Cir. 1972) (finding that the phrase "most personal sort of deodorant" was not copyrightable because it was "merely a 'short phrase or expression' which hardly qualifies as an 'appreciable amount of original text.'") *Narell v. Freeman*, 872 F.2d 907, 911 (9th Cir. 1989) (affirming summary judgment because "ordinary phrases" such as "crawling with alligators" and "cow path" are "not entitled to copyright protection."); *Syrus v. Bennett*, 455 F. App'x 806, 809 (10th Cir. 2011) (phrases "Go Thunder" and "Let's Go Thunder" were not entitled to copyright protection, even though they appeared in plaintiff's original composition, because they were ordinary phrases); see also *Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d at 143–44 (song lyrics "You've got to stand for something, or you'll fall for anything" not protectable).

In summary, Plaintiff's lyrics are nothing but an expression of the common idea that changing places with a person will result in seeing things as that person does. They are not original and they are not protectable.

Because of the numerous other songs in which Plaintiff's common lyrics are also used, allowing Plaintiff to pursue her claim in this action – solely because she claims to have used her lyrics as the hook of her song – would produce the absurd result that all other songs with the same lyrics would

13

suddenly be subject to a claim of copyright infringement, even though the first identified use of the lyrics occurred nine years prior to Plaintiff posting her song.

## III. CONCLUSION

Defendant respectfully requests that judgment on the pleadings be entered in favor of Defendant and that Defendant be awarded her costs of suit and reasonable attorney fees,

Dated: August 15, 2025

LAW OFFICES OF ROBERT S. BESSER

By: /s/ Robert S Besser
ROBERT S. BESSER
*Attorney for Defendant*
ANGELA WHITE

14