Name: **Iliana Fischer**

Address: **5152 Sepulveda Blvd. #129**

**Sherman Oaks, CA 91403**

Phone: **(702)860-9412**

Email: **plainumprican03@aol.com**

In Pro Per

> FILED
> CLERK, U.S. DISTRICT COURT
> **09/11/2025**
> CENTRAL DISTRICT OF CALIFORNIA
> BY ___ **gsa** ___ DEPUTY
> DOCUMENT SUBMITTED THROUGH THE
> ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILIANA FISCHER | CASE NUMBER: |
| | Case No. 2:22CV08019 JFW PVCx |
| Plaintiff | Honorable John F. Walter |
| v. | FIRST AMENDED COMPLAINT FOR |
| ANGELA WHITE | COPYRIGHT INFRINGEMENT |
| Defendant(s). | |

### I. NATURE OF THE ACTION

This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

Plaintiff Iliana Fischer seeks damages and injunctive relief against Defendant Angela White pka Blac Chyna

for the unauthorized copying and exploitation of Plaintiff's original song 'Hate Me Too.' Defendant's song

'Doom' copies original elements of Plaintiff's song, including the central lyrical hook, cadence, and

performance style.

### II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a),

as this action arises under the Copyright Act, 17 U.S.C. § 501.

Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant resides

resides in this District, and a substantial part of the events giving rise to the claim occurred in this District.

*1*

### III.  PARTIES

Plaintiff Iliana Fischer is an individual residing in California and the creator and copyright owner of the musical work 'Hate Me Too.'

Defendant Angela White, professionally known as Blac Chyna, is an individual who, upon information and belief, resides in this District. Defendant released and distributed the infringing musical work 'Doom'

### III.  FACTUAL ALLEGATIONS

Plaintiff created and recorded the song 'Hate Me Too' in or about 2015. Plaintiff's work is original and contains protectable elements, including the refrain and lyrical hook 'If I were you, I would hate me too,' repeated four times as the song's central feature, combined with distinctive cadence, arrangement, and performance.

Plaintiff registered the song 'Hate Me Too' with the United States Copyright Office (Registration No. SR 951-238 and PA 2-417-217) demonstrating ownership of the copyright.

Plaintiff entered into a distribution agreement with Sony Music, further evidencing the commercial exploitation of her work.

Plaintiff publicly uploaded 'Hate Me Too' to SoundCloud, where it was accessible to the public and to Defendant prior to Defendant's release of 'Doom.'

On information and belief, Defendant's collaborator followed Plaintiff's co-performer on Instagram, further supporting that Defendant had access to Plaintiff's song.

### IV. CLAIM FOR RELIEF

COUNT I – COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

Plaintiff incorporates by reference the allegations in paragraphs 1–13.

Plaintiff is the owner of a valid copyright in the song 'Hate Me Too.'

Defendant had access to Plaintiff's work and copied original and protectable elements thereof.

Defendant's conduct constitutes copyright infringement in violation of 17 U.S.C. § 501.

As a direct and proximate result of Defendant's infringement, Plaintiff has suffered actual damages and is entitled to Defendant's profits attributable to the infringement, in an amount to be proven at trial.

Defendant's infringement was willful, entitling Plaintiff to enhanced damages under 17 U.S.C. § 504(c).

CV-127 (09/09)                    PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

**D.  IN THE ALTERNATIVE, LEAVE TO AMEND IS REQUIRED**

Even if the Court finds deficiencies in the Complaint, dismissal with prejudice would be improper.

Plaintiffs must be granted leave to amend unless amendment would be futile. See Lopez v. Smith,

203 F.3d 1122, 1130 (9th Cir. 2000). Here, Plaintiff could add further factual detail regarding her copyright

copyright registration, Sony distribution agreement, timeline of publication, and additional evidence of

Defendant's access. At minimum, leave to amend is required.

**III.  CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion for

Judgment on the Pleadings. In the alternative, Plaintiff requests leave to amend her Complaint.

Dated; September 11, 2025

By; Iliana Fischer - pro per

CV-127 (09/09)                    PLEADING PAGE FOR A SUBSEQUENT DOCUMENT