Name: Iliana Fischer

Address: 5152 Sepulveda Blvd. #129

Sherman Oaks, CA 91403

Phone: (702)860-9412

Fax: plainumprican03@aol.com

In Pro Per

**FILED**

CLERK, U.S. DISTRICT COURT

**5/7/26**

CENTRAL DISTRICT OF CALIFORNIA

BY _____ CS _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ILIANA FISCHER

                                    Plaintiff

          v.

ANGELA WHITE

                              Defendant(s).

CASE NUMBER:

Case No. 2:22CV08019 JFW PVCx

Honorable John F. Walter

PLAINTIFF'S TRIAL BRIEF

## I. INTRODUCTION

This is an action for copyright infringement arising from Defendant's unauthorized use of protected elements from Plaintiff's original musical work.

Plaintiff contends that Defendant copied distinctive lyrical phrases and expressive content from Plaintiff's song and incorporated them into Defendant's work without authorization.

## II. FACTUAL BACKGROUND

Plaintiff created the original work prior to Defendant's release of the accused song.

Plaintiff publicly released the work online, making it accessible prior to Defendant's publication.

Defendant later released a song containing substantially similar lyrical phrases and expressive elements.

*Page Number*

CV-127 (09/09)          **PLEADING PAGE FOR A SUBSEQUENT DOCUMENT**

During discovery, Defendant claimed independent creation but failed to produce documents supporting development or creation of the accused work.

Defendant further indicated that other individuals contributed to the work but stated that Defendant lacked knowledge regarding their contributions and lacked contact information for those individuals.

## III. LEGAL STANDARD

Under 17 U.S.C. § 102, copyright protection extends to original works of authorship fixed in a tangible medium.

To establish copyright infringement, Plaintiff must show:

1. Ownership of a valid copyright; and

2. Copying of protected elements of the work.

Copying may be established through evidence of:

1. Access; and

2. Substantial similarity.

## IV. ARGUMENT

### A. Plaintiff Owns a Valid Copyright Interest

Plaintiff created the original work prior to Defendant's release and publicly distributed the work.

### B. Defendant Had Access to Plaintiff's Work

Plaintiff's work was publicly available online before Defendant released the accused song.

### C. The Works Are Substantially Similar

The accused work contains substantially similar lyrical wording and expressive elements that are recognizable to an ordinary observer.

### D. Defendant Failed to Establish Independent Creation

Defendant claimed independent creation but failed to produce supporting drafts, notes, or development materials.

Defendant also indicated limited knowledge regarding the creation process and identified third parties allegedly involved in the work.

_____

*Page Number*

## V. CONCLUSION

Plaintiff respectfully requests judgment in her favor and an award of damages, injunctive relief, costs, and any other relief the Court deems proper.

DATED: 5/06/26

ILIANA FISCHER

Plaintiff, Pro Se

CV-127 (09/09)                    PLEADING PAGE FOR A SUBSEQUENT DOCUMENT