**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 22-8019-JFW(PVCx)**                                   Date:  July 17, 2026

Title:       Iliana Fischer -v- Angela White

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                                          None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT  [filed 5/26/26; Docket No. 127]; and**

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [filed 5/27/26; Docket No. 129]**

On May 26, 2026, Plaintiff Iliana Fischer ("Plaintiff") filed a Cross-Motion for Summary Judgment.  On June 5, 2026, Defendant Angela White, a/k/a "Blac Chyna" ("Defendant") filed her Opposition.  On June 15, 2026, Plaintiff filed a Reply.  On May 27, 2026, Defendant filed a Motion for Summary Judgment.  On June 5, 2026, Plaintiff filed her Opposition.[1]  On June 15, 2026, Defendant filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found these matters appropriate for submission on the papers without oral argument.  The matters were, therefore, removed from the Court's June 29, 2026 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.       Factual and Procedural Background**[2]

---

[1]  The only Opposition Plaintiff filed related to Defendant's Motion for Summary Judgment is an opposition to Defendant's Declaration in Support of Summary Judgment.  *See* Docket No. 134.

[2]  The Court has considered the facts in the light most favorable to the nonmoving party, and to the extent any of these facts are disputed, they are not material to the disposition of this motion. In addition, to the extent that the Court has relied on evidence to which the parties have objected, the Court has considered and overruled those objections. As to the remaining objections, the Court finds that it is unnecessary to rule on those objections because the disputed

### A.    Factual Background

Plaintiff is a singer and songwriter who "created and recorded the [rap] song 'Hate Me Too' in or about 2015." First Amended Complaint ("FAC"), 2:8.[3]  Defendant is a singer and dancer who recorded the rap song "Doom," which was released on February 19, 2021.  In this case, Plaintiff alleges that Defendant's song "Doom" infringes her song "Hate Me Too" by copying original elements of Plaintiff's song, including the central lyrical hook ("If I were you, I would hate me too"), cadence, and performance style.

Plaintiff posted "Hate Me Too," which features her friend and rapper Jordan Lee ("Lee"), to SoundCloud[4] on October 11, 2018.  In the winter of 2020, Plaintiff entered into a distribution agreement with Sony Music[5], and Sony Music distributed Plaintiff's album "Fuego," which included the song "Hate Me Too" "on all major online platforms."  Complaint, ¶ 3.  Plaintiff learned about Defendant's song "Doom" in approximately June 2021 when the music video for "Doom" was posted to Defendant's Instagram profile and the song was distributed on major online platforms.  In response, on June 14, 2021, Plaintiff registered "Hate Me Too" with the United States Copyright Office ("USCO"), Registration Nos. SR 951-238 (for a sound recording) and PA 2-417-217 (for a musical composition).  On July 21, 2021, Plaintiff emailed Defendant a "cease and desist" letter regarding Defendant purportedly infringing Plaintiff's copyright.  On October 22, 2021, Plaintiff emailed Defendant to notify her that she was considering filing a lawsuit for copyright infringement, but was willing to settle the issue in a boxing match on "Celebrity Boxing."  Defendant never responded to Plaintiff's emails and, instead, Defendant fought a different opponent on "Celebrity Boxing" on July 11, 2022.

According to Defendant, Lonnie Kimbal, a/k/a Skeme ("Kimbal") provided her with a rough demo of the song "Doom" that he had recorded with the lyrics sometime prior to January 28, 2021. Declaration of Angela White in Support of Motion for Summary Judgment ("White Decl."), ¶ 3.

---

evidence was not relied on by the Court.

[3]  Plaintiff has failed to submit any evidence with her Cross-Motion for Summary Judgment or her Opposition to Defendant's Motion for Summary Judgment.  As a result, the Court has included allegations from Plaintiff's Complaint and FAC in order to give a more complete explanation of the issues involved in this action.  However, neither Plaintiff's Complaint nor her FAC are verified.  Indeed, Plaintiff's Complaint is not even signed.  As a result, the allegations in Plaintiff's unverified Complaint and unverified FAC do not constitute evidence for purposes of summary judgment.  *See, e.g., Maas v. Zymbe*, 2020 WL 2793527, *3 (N.D. Cal. May 29, 2020) (denying the plaintiff's motion for partial summary judgment where "the overwhelming majority of the motion" relied on allegations contained in the plaintiff's unverified complaint).

[4]  SoundCloud is a streaming and distribution platform that allows independent artists to upload, share, and promote their music directly to listeners.

[5]  Although Plaintiff alleges that she entered into a distribution agreement with Sony Music, she does not include any details about the agreement or attach a copy of the distribution agreement to  her Complaint, FAC, or Cross-Motion for Summary Judgment.

Initials of Deputy Clerk  _sr_

Defendant did not write, and had no role in the creation of, the lyrics to "Doom." *Id.*, ¶ 8. Defendant recorded the main mix of "Doom" without any changes to the lyrics on January 28, 2021, and the song, as recorded by Defendant, was released on February 19, 2021. *Id.*, ¶¶ 4-5. Defendant states that, prior to the release of "Doom," she had never heard of Plaintiff or her song "Hate Me Too" and that she first heard of Plaintiff and Plaintiff's song when Plaintiff "caused Doom to be taken down from Facebook." *Id.*, ¶¶ 6-7.

### B.    Procedural History

On November 2, 2022, Plaintiff filed a Complaint against Defendant. On January 26, 2023, Defendant filed her Answer. On June 22, 2026, the Court granted Defendant's Motion for Judgment on the Pleadings based on Plaintiff's failure to file an Opposition, dismissed Plaintiff's Complaint without leave to amend, and dismissed this action with prejudice. On April 25, 2025, the Ninth Circuit reversed this Court, finding that the Court had abused its discretion in dismissing this action with prejudice.

On September 11, 2025, Plaintiff filed her First Amended Complaint ("FAC"), alleging a single claim for copyright infringement against Defendant. On September 23, 2025, Defendant filed her Answer to Plaintiff's FAC.

## II.    Legal Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party meets its burden, a party opposing a properly made and supported motion for summary judgment may not rest upon mere denials but must set out specific facts showing a genuine issue for trial. *Id.* at 250; Fed. R. Civ. P. 56(c), (e); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."). In particular, when the non-moving party bears the burden of proving an element essential to its case, that party must make a showing sufficient to establish a genuine issue of material fact with respect to the existence of that element or be subject to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is not enough to defeat summary judgment; there must be a genuine issue of material fact, a dispute capable of affecting the outcome of the case." *American International Group, Inc. v. American International Bank*, 926 F.2d 829, 833 (9th Cir. 1991) (Kozinski, dissenting).

An issue is genuine if evidence is produced that would allow a rational trier of fact to reach a verdict in favor of the non-moving party. *Anderson*, 477 U.S. at 248. "This requires evidence, not speculation." *Meade v. Cedarapids, Inc.*, 164 F.3d 1218, 1225 (9th Cir. 1999). The Court must assume the truth of direct evidence set forth by the opposing party. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 507 (9th Cir. 1992). However, where circumstantial evidence is presented, the Court may consider the plausibility and reasonableness of inferences arising therefrom. *See Anderson*, 477 U.S. at 249-50; *TW Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631-32 (9th Cir. 1987). Although the party opposing summary judgment is entitled to the benefit of all reasonable inferences, "inferences cannot be drawn from thin air; they

Initials of Deputy Clerk __sr__

must be based on evidence which, if believed, would be sufficient to support a judgment for the nonmoving party." *American International Group*, 926 F.2d at 836-37.  In that regard, "a mere 'scintilla' of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'"  *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997).

## III.    Discussion

In her Cross-Motion for Summary Judgment, Plaintiff argues that Defendant infringed her copyright in the song "Hate Me Too" by using protected elements from Plaintiff's original musical work, without authorization in the song "Doom."  Specifically, Plaintiff argues that her song "Hate Me Too" is original and contains protectable elements, including the refrain and lyrical hook 'If I were you, I would hate me too,' repeated four times as the song's central feature.  Plaintiff argues that her work was released and publicly available before Defendant released "Doom" and that "Doom" contains a hook that repeats four times the phrase "If I was you, I'd hate me too," which is substantially similar to the lyrical hook in Plaintiff's song "Hate Me Too."  In her Motion for Summary Judgment, Defendant argues that she is entitled to summary judgment on Plaintiff's copyright claim because the phrase "if I were you, I'd hate me too" is a short, common phrase and, as a result, is not subject to copyright protection.  Defendant also argues that Plaintiff's Cross-Motion for Summary Judgment should be denied because Plaintiff has failed to produce any admissible evidence whatsoever and, instead, simply refers to general categories of items, such as discovery responses, without actually providing either the Court or Defendant with any of the materials referenced.

### A.    Standard for Demonstrating Copyright Infringement

Copyright protection extends only to work that is original.  *See Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 345 (1991).  "Original, as the term is used in copyright, means only that the work was independently created by the author, and that it possesses at least some minimal degree of creativity."  *Id.*  However, "[t]he mere fact that a work is copyrighted does not mean that every element of the work may be protected . . . copyright protection may extend only to those components of a work that are original to the author."  *Id.* at 348.  "Words and short phrases such as names, titles, and slogans" are not copyrightable (37 C.F.R. § 202.1(a)), and "common expressions and phrases are not entitled to protection for they do not satisfy the originality requirement."  *Batiste v. Najm*, 28 F.Supp. 3d 595, 613 (E.D. La. 2014) (*citing Emanation Inc. v. Zomba Recording Inc*., 72 Fed. Appx. 187, 190 (5th Cir. 2003) (finding that common Cajun phrases " 'We Gon Pass a Good Time, Yeah, Cher' and 'You Gotta Suck Da Head of Dem Der Crawfish' do not satisfy the originality requirement"); *Johnson v. Gordon*, 409 F.3d 12, 23–24 (1st Cir. 2005) (finding that the lyric "You're the one for me" is "too trite to warrant copyright protection"); *Prunte v. Universal Music Group, Inc*., 699 F.Supp. 2d 15, 26 (D.D.C. 2010) (concluding that the use of the short phrase "so high" and the use of touching the sky as a metaphor for being high are too clichéd to support a finding of actionable copyright infringement); *Jean v. Bug Music Inc*., 2002 WL 287786, at *6 (S.D.N.Y. 2002) ("[A] reasonable jury could only conclude that the lyrical excerpt 'clap your hands' is not afforded copyright protection because the excerpt is a common phrase").

To prove that Defendant infringed on her copyright, Plaintiff must present evidence that

Initials of Deputy Clerk  _sr_

demonstrates: "(1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017); *see also Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991). Songs have two distinct components that can be copyrighted: (1) sound recordings[6]; and (2) the musical composition.  17 U.S.C. § 102(a)(2) and (7).  In this case, it is undisputed that Plaintiff owns the copyrights to both the sound recording and the musical composition of "Hate Me Too." As a result, Plaintiff has satisfied the first element.

Because direct evidence of copying is rarely available and, as a result, copying can be difficult to prove, a plaintiff may prove the second element with "circumstantial evidence that (1) the defendant had access to the copyrighted work prior to the creation of defendant's work and (2) there is substantial similarity of the general ideas and expression between the copyrighted work and the defendant's work." *Unicolors, Inc.*, 853 F.3d at 984–85; *see also Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1162 (9th Cir. 1977), *superseded on other grounds by* 17 U.S.C. § 504(b).  "Circumstantial evidence of access is generally shown through either evidence of a 'chain of events . . . between the plaintiff's work and defendant's access to that work' or evidence that 'the plaintiff's work has been widely disseminated.'" *Unicolors, Inc.*, 853 F.3d at 985; *see also Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000).  If a plaintiff does not have evidence that a defendant had access to her song, then "a 'striking similarity' between the works may allow an inference of copying." *Unicolors, Inc.*, 853 F.3d at 985; *see also Baxter v. MCA, Inc.,* 812 F.2d 421, 423 (9th Cir. 1987).

The Ninth Circuit applies a two-part test to determine whether works are substantially or strikingly similar.  *Unicolors, Inc.*, 853 F.3d at 985.  The first part – the extrinsic test – "requires plaintiffs to show overlap of 'concrete elements based on objective criteria.'"  *Id. (quoting Three Boys Music Corp.*, 212 F.3d at 485).  The second part – the intrinsic test – "is subjective and asks 'whether the ordinary, reasonable person would find the total concept and feel of the works' to be substantially similar."  *Id.* (*quoting Pasillas*, 927 F.2d at 442).  Courts apply only the extrinsic test at the summary- judgment stage as a "plaintiff who cannot satisfy the extrinsic test necessarily loses

---

[6]  The Copyright Act limits exclusive rights of the owner of a copyright in a sound recording to reproductions "that directly or indirectly recapture the actual sounds fixed in the recording."  17 U.S.C. §114(b)); *see also Pryor v. Warner/Chappell Music, Inc.*, 2014 WL 690153, *5 (C.D. Cal. Feb. 20, 2014) ("There is a distinction in the Copyright Act between musical compositions and sound recordings").  Those exclusive rights "do not extend to the making or duplication of another sound recording that consists entirely of an independent fixation of other sounds, even though such sounds imitate or simulate those in the copyrighted sound recording." 17 U.S.C. § 114(b).  In this case, Plaintiff appears to allege that Defendant has infringed her copyright for the musical composition of "Hate Me Too," not for the sound recording.  To the extent that Plaintiff intended to allege a claim that Defendant infringed her copyright for the sound recording of "Hate Me Too," Plaintiff has failed to produce any evidence that Defendant copied Plaintiff's sound recording and, as a result, the Court concludes that Plaintiff has failed to demonstrate that Defendant infringed Plaintiff's copyright in the sound recording for "Hate Me Too."  *See, e.g., Pryor v. Jean*, 2014 WL 5023088, *4 (C.D. Cal. Oct. 8, 2014) (rejecting infringement claim where the defendants "did not do anything with [the] 'actual sounds'" to which the plaintiff had the rights).  Accordingly, the Court concludes that Defendant is entitled to summary judgment on Plaintiff's copyright infringement claim to the extent it is based on Plaintiff's copyright in the sound recording for "Hate Me Too."

Initials of Deputy Clerk _sr_

on summary judgment, because a jury may not find substantial similarity without evidence on both the extrinsic and intrinsic tests." *Funky Films, Inc. v. Time Warner Entertainment Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006) *(quoting Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994)). Summary judgment is only appropriate if "no reasonable juror could find substantial similarity of ideas and expression, viewing the evidence in the light most favorable to the nonmoving party." *Kouf*, 16 F.3d at 1045; *see also Pasillas*, 927 F.2d at 442 ("Our circuit has expressed a certain disfavor for summary judgment on questions of substantial similarity, but it is nevertheless appropriate to grant summary judgment if, considering the evidence and drawing all inferences from it in the light most favorable to the nonmoving party, no reasonable jury could find that the works are substantially similar in idea and expression.").

**B.    Defendant's Motion for Summary Judgment is Granted Because Plaintiff Has Failed to Provide the Court With Any Evidence to Support Her Claim for Copyright Infringement**

In this case, Plaintiff has failed to submit any evidence with either her Cross-Motion for Summary Judgment or her Opposition to Defendant's Motion for Summary Judgment. However, to avoid summary judgment, Plaintiff "was required to present significant probative evidence tending to support her allegations." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) (internal quotations omitted). In addition, although Plaintiff is a *pro se* litigant, "[a] district court does not have a duty to search for evidence that would create a factual dispute." *Id.*; *see also Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (holding that it would be "unfair" to the district court to require it "to search the entire record" if a party fails to "disclose where in the record the evidence for [the factual claims] can be found"). Indeed, the Ninth Circuit has held that "[a] district court lacks the power to act as a party's lawyer, even for *pro se* litigants." *Bias*, 508 F.3d at 1219; *see also Jacobson v. Filler*, 790 F.2d 1362, 1365 n. 5 (9th Cir. 1986) ("The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an 'advocate' for or to assist and guide the pro se layman through the trial thicket"). Because Plaintiff failed to submit any evidence in support of her Cross-Motion for Summary Judgment or in opposition to Defendant's Motion for Summary Judgment, Plaintiff has failed to demonstrate that there are any genuine issues of material fact in dispute.

Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim for copyright infringement for the musical composition for "Hate Me Too."

**C.    Defendant's Motion for Summary Judgment is Also Granted Because the Phrase "If I Were You, I'd Hate Me Too" Is a Common Phrase Not Subject to Copyright Protection**

When an entire song is copyrighted, copyright protection only extends to those elements of the work that are original to the author, but it does not extend to common phrases. *Feist Publications*, 499 U.S. at 345. In this case, Plaintiff claims that the phrase "If I were you, I'd hate me too" in the hook of her song "Hate Me Too" was copied by Defendant and included in the hook of her song "Doom." However, "If I were you, I'd hate me too" is not Plaintiff's original phrase, "so she has no copyright protection for it." *Apps v. Universal Music Group, Inc.*, 283 F.Supp. 3d 946

Initials of Deputy Clerk  sr

(D. Nev. 2017) (granting the defendant's motion for summary judgment after finding that the phrase "I need to know now" was a common phrase and, as a result, the plaintiff did not have any copyright protection for it).  Indeed, Plaintiff has admitted that she is aware of the use of this same lyric/phrase in other musical compositions.  *See* Joint Statement Following Local Rule 7-3 Conference Re Motion for Judgment on the Pleadings (Docket No. 72), ¶ 5.  In addition, the phrases "if I were you, I'd hate me too" (the phrase used by Plaintiff in "Hate Me Too") and "if I was you, I'd hate me too" (the phrase used by Defendant in "Doom") have been used in numerous other songs, including other rap songs, in either the chorus, the hook, the bridge, or some other verse.  For example, the rap song "No Matter What They Say" by Lil' Kim, which was released in 2000 – well before Plaintiff's song was written or released – contains the phrase "If I was you, I'd hate me too."  Moreover, the band Dirty Penny released a song in 2009 – again, well before Plaintiff's song was written or released – entitled "If I Were You I'd Hate Me Too."  Several other songs of various genres that post-date Plaintiff's song have also included the phrase "If I were you I'd hate me too," including "I'd Hate Me Too" by Susannah Joffe, "I'd Hate Me Too" by Gavin!, "If I Were You" by Claude Mintz, "Untitled" by Rex Orange County, and "I Would Hate Me Too" by TX2. Furthermore, Defendant was able to locate two poems using the phrase – "If I Were You, I'd Hate Me Too" by Megan (published September 2004) and "If I Were You" by We Dream of Stars (published October 2017) – with a simple Google search as well as a variety of posters, stickers, and t-shirts printed with the phrase.  As a result, the Court concludes that "If I were you, I'd hate me too" is clearly not an original phrase and, as a result, Plaintiff cannot claim that it is protected by copyright.

Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim for copyright infringement for the musical composition for "Hate Me Too."

> **D.    Defendant's Motion for Summary Judgment is Also Granted (and Plaintiff's Cross-Motion for Summary Judgment is Denied) for Plaintiff's Failure to File a Proposed Statement of Decision**

The Court's Amended Standing Order, filed on May 5, 2026 (Docket No. 108), provides in relevant part:  "Not more than two days after the deadline for filing the Reply, each party shall lodge a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record."  Amended Standing Order, § 5(f).  The deadline for filing the Reply was June 15, 2026, and, as a result, the deadline for filing the Proposed Statement of Decision was June 17, 2026.  See L.R. 7-10.  Plaintiff failed to timely file and still has not filed the required Proposed Statement of Decision.

Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."  In addition, the Amended Standing Order expressly provides that the "[f]ailure to lodge the Proposed Statement will result in the denial or granting of the motion."  Amended Standing Order, § 5(f).

Accordingly, pursuant to Local Rule 7-12 and the Amended Standing Order, Plaintiff's Cross-Motion for Summary Judgment is denied and Defendant's Motion for Summary Judgment is granted on the alternative ground that Plaintiff failed to file a Proposed Statement of Decision.

**IV.    Conclusion**

Initials of Deputy Clerk  _sr_

For all the foregoing reasons, Plaintiff's Cross-Motion for Summary Judgment is **DENIED** and Defendant's Motion for Summary Judgment is **GRANTED**.  The parties are ordered to meet and confer and agree on a proposed Judgment which is consistent with this Order.  The parties shall lodge the proposed Judgment with the Court on or before July 24, 2026.   In the unlikely event that counsel are unable to agree upon a proposed Judgment, the parties shall each submit separate versions of a proposed Judgment along with a Joint Statement setting forth their respective positions on or before July 24, 2026.

IT IS SO ORDERED.

Initials of Deputy Clerk  sr